IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13-CR-30-4 |
| | ) | |
| MAYNARD JUNIOR TORAIN, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on the defendant's pro se motion for early termination of probation. (Doc. 93.) At sentencing in January 2014, the defendant received the benefit of a variance from the guideline range; instead of an active sentence between 57 to 61 months, he received probation. The Court at that time, based on evidence substantially the same as that Mr. Torain proffers in support of the pending motion, found five years of probation to be appropriate. Thus, in Mr. Torain's case, probation, with the restrictions and limitations it imposes, was the punishment. *See Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987).

Termination now would mean a punishment of less than two years' probation. That is not adequate to provide just punishment or to reflect the seriousness of the offense. Nor would it adequately take into account the nature and circumstances of the offense, which would ordinarily result in five years in prison, not five years on probation. See PSR ¶¶ 27-37, 62. Many firearms were involved, some of which were stolen, and Mr. Torain had reason to believe the firearms would be transferred to prohibited persons. See PSR ¶ 27.

While the Court is pleased that Mr. Torain is doing well on probation, that is not unexpected; given the seriousness of the crime and guideline range, the Court would not have sentenced Mr. Torain to probation had it not expected Mr. Torain to be successful. *United States v. Caruso*, 241 F.Supp.2d 466, 469 (D.N.J. 2003) (ruling that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination.")  Risk of recidivism is appropriate to consider, but it is not the only relevant factor.

The Court does not mean to diminish Mr. Torain's accomplishments, which are substantial.  Nor does the Court rule out the possibility of shortening the term of probation in the future, should Mr. Torain continue to do well and should circumstances otherwise support such a decision.

It is **ORDERED** that the defendant's motion for early termination of probation, (Doc. 93), is **DENIED** without prejudice.

This the 7th day of July, 2015.

_____
UNITED STATES DISTRICT JUDGE

2

Case 1:13-cr-00030-CCE   Document 95   Filed 07/07/15   Page 2 of 2